Please call the next case. Landreth Lumber Company v. Workers' Compensation Comm'n 412-0144. May it please the Court, Counsel. Good morning. My name is Attorney Patrick Gennett and on behalf of the appellant, Landreth Lumber Company. This is an interesting case because essentially the ruling of the arbitrator in the Commission and the argument by co-counsel essentially are akin that any management employee has no responsibility to provide notice of an accident to an employer. If you read the ruling, essentially the arbitrator says it's implicitly you don't have to report it. I think the statute's very clear that there are two ways to report an accident, either oral or written. And in this case, it's interesting because the decision of the arbitrator specifically says that the petitioner is the employer. That is just absolutely not true. This is not Oscar D. Landreth v. Oscar D. Landreth. It's Oscar D. Landreth v. Landreth Lumber Company. Oscar D. Landreth was president of Landreth Lumber Company. Who's he supposed to tell, the chairman of the board? Well, he's a president. He's a part owner. There are other owners. It's a company. There are many employees. He has a designated employee who has the right to handle all his work as compensation cases. The normal agency law would tell you that knowledge of the president of the corporation is knowledge of the corporation. So, I mean, this case, Reiser, falls on the question of whether, because he was president of the corporation, his knowledge of his own injury constituted a notice under 6A. That's what the whole case is about. Arbitrator said it did, commission said it did, and the circuit court said it did. I think under the statute, though, there's still the requirement to either provide a written accident report or also orally report an accident. Well, the cases suggest that when the legislature uses the word may do A or B, that's not a directive. That's the only way to do it. Those are choices you can take. So, I mean, maybe he told himself. I mean, you know, did he have to say it to himself? Is that what your argument is? And I think that's why it's cited Section 6B of the Act, because if you're going to say that he is the employer, then why didn't he report it as required by the Workers Compensation Act to provide a written accident notice under 6B of the Act? That's the employer's problem. That's going to be the employer's problem with his carrier when the carrier raises a policy defense for not informing them timely of this occurrence. We're here with the injured employee versus a corporation of which he is president. So the question becomes, does his knowledge of his own accident constitute notice under 6A? And my question was, who was he supposed to tell? One of his own underlings? Well, I think that he could have told the very person that he assigned on the Workers Compensation case. He could have, but did he need to? I think he needed to. Well, you wouldn't be here if another employee were injured, and instead of telling the employees assigned to Workers Compensation, they told the president of the company I was injured, you wouldn't be here saying that that's not notice, would you? I don't believe I would be. But, again, where does the line draw then? So if the chief financial officer gets injured? Well, we don't have to decide where the line draws. This guy's the president of the company. He is the president of the company. We only have to draw the line on whether if the president of a corporation is injured, is his own knowledge of his own injury notice to the corporation? That's all we have to decide. I don't have to decide whether if the janitor is injured and he doesn't tell anybody, or if the chief financial officer is injured. We're talking about the president of the company. Correct. And I think the case law talks about implicit knowledge of other people knowing. It never talks about somebody knowing about their own injuries. I think that if you have a big corporation with, what, 80 employees, one would logically say that the statute obligates that you shall report the accident. And I think that's what those say. Implicit knowledge. To inform the employer. Right. Is knowledge of the president of the corporation knowledge of the corporation? Of course. And I still think that he has reporting obligations to the corporation and the president of the company to tell them about that. Well, here's the rub. Maybe I can lend something to this. This is, I think we can all agree, a fairly unique set of circumstances. Correct. And sometimes this highlights tension between the real world and the statute. My learning colleague is saying we have to construe the requirements in the plain language of the act. Yes, would have been advisable for him to take steps to notify his carrier, the other employees. Okay. But as a practical matter, I think you'd have to agree the plain language of the statute says the employer. Okay. The person to whom the injuries are supposed to be reported. He's the president. He's the employer. Unless you can the plain language of the act, you know, that's the problem. But I think that that's where you'd run the distinction. It's probably not correct. He's not the employer. He's the president of the company. I mean, if he doesn't own the company and run the company, he's one of the owners. Okay. Well, then isn't he an employer? He is the president of the company. I mean, I don't know. We didn't ask him if his personal liability assets were liable for the company or separate entity. But you avoid the question. Is knowledge of this man equal to knowledge by the corporation or of the corporation? Of course it is. He's the president. What he knows, the corporation knows. I think the statute still obligates notice of a different form of either oral or written. I mean, I know that it says, and there are two different parts of the statute. The first one says that you shall provide notice to the employer. And then it gives two ways that it may be given, orally or written. And I think that without those two things, that there's no notice, frankly. And again, I think that there is a distinction drawn between Oscar Dean Landreth as president of the company and Oscar Dean Landreth as an injured employee. Where does the statute say that? What case law supports this argument that there's a distinction between him as the injured employee and as the employer? What law says that? I don't think that there is any case law on this because... So we're making new law here? In a way, I believe it could be, correct. I mean, essentially, can you give notice to yourself? Why not? I think that there's an obligation owed to... I think to the company. Well, what he knows, the company knows. The company already knows he's been injured because he knows he's been injured. So now what you're arguing is the insurance company doesn't like the fact that they didn't find out about it for two years. And so raise a policy defense, but that has nothing to do with his right to recover against the corporation. I think that there are other owners of the company, and he didn't say that he told the other owners of the company that he got injured. Does he have to? I think he might have to, yes. That might be a nice thing to do, but under the law of agency, is it necessary? He is also an owner. I think that he is a part owner, but again, I think that the statute requires that you give notice to your employer. I mean, I think that there's a distinction being drawn between the person as an injured individual and employee versus the actual employer. And I think the statute gives you the very motive reason to go forth with that, and that's an obligation under section 6b, where you have to give a written notice of the accident. There's an absolute obligation on the part of the employer to do that. So if you're going to say that Oscar Dean Landreth is an employer, then why is he not obligated under section 6b, which is the law, to provide a written accident report? That Oscar is the employer? If you're stating that Oscar Dean Landreth is the employer... I don't think that he is president of a corporation. Correct. And so... He's an officer of the corporation, perhaps a director, I don't know. And the reading of the decision says that he is the employer. I don't think that's correct. And if you put him as having implicit knowledge of his own injuries, then I think under the War Compact, you have to give some sort of notice, and you can't just hold it inside yourself. You have to do something either orally or in writing under the Act. And there's a vehicle to do that under section 6b. There's an obligation. If he is going to be the employer, like the arbitrator says he is, you have to give written notice. Again, I just... I think that there's a distinction drawn between the injured and the employee and the president of the company. But that goes on... Is he an employee of the corporation? He said he drew a paycheck. I believe he did. And he paid himself as an employee. What if you didn't have 80 people? What if you had three people with a president and an owner? Who would he give notice to then? Well, again, I think that the statute allows for you to fill out a written accident report. And I think that that's what the law directs. That's the employer's obligation. That's not you can also orally tell a co-worker that you get injured. What would be the purpose of orally telling another person, a three-person business, that you got injured? What would be the purpose of that? To give notice under the Act. Which brings up the next point. I mean, I don't think that there was any notice under the Act within 45 days. I think the petitioner testified that he finally decided about a year and a half later when he talked to a relative who was an attorney that maybe this might be a work conflict. And again, I think that the decisions early on by the petitioner point pretty clearly that this wasn't a work injury. He submitted everything through his group health insurance. And I don't think that there was notice under the 45 days as required under the Act. And that goes into my final point, which is the finding of the accident, quite frankly, was against the manifest way of the evidence. Aside from the petitioner stating that it occurred at work, I don't find anything in the record to support that. Everything that normally would be in place whenever someone's injured on the job is not in place here. The petitioner placed all of his bills through group health insurance. He never turned in his accident to his work comp coordinator, Shelley Merkel. He never filled out an accident report. He never informed his workers' compensation carrier. He never told any of his co-workers. And I think that that's pretty important. If you fall at a gas station at 2 o'clock p.m. and you black out, one would think you'd go back to the office and talk about it. He never told anybody at work that this occurred. And finally, he didn't tell any of his medical providers. And I think that Dr. Heim, his treating surgeon, talked about that where he has paperwork whenever he has patients come in. One set for work comp and Oscar Landry clearly didn't fill out work comp paperwork with Dr. Heim. Are you saying there's another sort of, are you dancing around another underlying issue that maybe under these circumstances this could be a situation where it could be ripe with some type of a fraud or on a claim where somebody just doesn't say anything and three years later says something? Is that part of what's bothering you here? I don't think that there's any evidence to support that he fell at work. I think it's clear that he fell. The medical records say he fell on ice. Everybody agreed on that. But I didn't see anywhere and there's no supporting evidence that you normally see in a worker's compensation case that he fell at work until three years after. So it is part of what's bothering you? It is part of what's bothering me, yes. It just doesn't make sense. The petitioner would have gone through back to the workplace and not told one of his co-workers that he just fell and blacked out for a period of time after falling on ice. It just, to me that doesn't make any sense. There's not a single instance in this case of any person with knowledge other than Oscar Landreth that he fell while gassing up a worker. And because of that I think it's the best way to get evidence. Is there any other questions? Thank you, counsel. Mr. Knapp. I hope I will not have to belabor the court too long. It sounds like from the comments by my opposing counsel that the court is well aware of the facts surrounding the issues in this case. What it would boil down to, it would appear, would be that I would have to ask my client on the stand in front of the arbitrator whether he gave notice of the accident he had to himself. And I hope that we will not throw common sense out and require counsels in the future to ask those self-evident questions. Is there any question that he qualifies as a quote-unquote employer? There is no question that he is the employer. He was the president of the company and he was the majority stockholder. Is that what you're asking? Right. Yes. He also managed the day-to-day operations of the company. Comments made by counsel in his briefs with the industrial... Would it make a difference if he wasn't found to be the employer but he had the status of president? Is that even relevant under agency law? That's what I was just going to address. Under Yellow Freight, I believe I cited the case law that says a management-level employee with notice, even though it was not oral or written, constitutes actual notice. So I think to answer your question, no, it wouldn't matter as long as he was a management-level employee. And the president is a management-level employee? Yes, sir. And in this particular case, I think he was one of the only management-level employees. There might have been project managers, but he was the one that managed the location. The Form 45, as I think the panel has already pointed out, is an employer's responsibility and not an employee's responsibility, and we have additional burdens on the employees who are injured to worry about filling out a Form 45. How do you respond to his sort of a practical argument that he's making? Granted, it may not be consistent with the plain language of the Act, which is our responsibility to apply. Somebody under these circumstances could fall, get hurt, not tell anybody for years, and all of a sudden come back and say, well, I had notice, obviously, because I'm the president, I'm the managing owner, you know, and I own the company. How do you respond to that to give rise to a potential for abuse? I won't say that the testimony in front of the Industrial Workers' Compensation Commission was that no one else at the company knew about it. It seems to be his argument, yeah. We didn't really address who at the company knew about it and who at the company did not know about it. I think my client said, I didn't tell this particular person or this particular person. He was severely injured. He still is severely injured. The people, I believe, at the company knew about it. He just did not talk in specifics about a workers' compensation claim. Now, in this particular case, who's paying the premiums? Oscar Dean Landreth. So the potential for abuse is going to affect Oscar Dean Landreth because he's the one that's going to have to pay the premiums. You won't find a medical record in that stack of the record on appeal that doesn't say that he fell in February of 2005. And most of them say that he fell at a gas station in February 2005. The manifest weight of the evidence argument, again, the arbitrator... We have a corporation that's registered and recognized, I assume, in the state of Illinois as a person. It's a corporation. He's president and the majority shareholder. I would say that I don't have the exact specifics to give you and I wish I did. He's the majority shareholder. Strictly speaking, in this case, he was paying the premiums. They were being written. The money wasn't coming to Oscar Dean Landreth because it was going to the insurance company. But you're right, it didn't come out of his personal checking account. It came out of the checking account for the corporation, absolutely. The arbitrator had the ability to meet Oscar Landreth, to hear him testify, to listen to the sincerity of his plight and make judgments upon his veracity. And I would hope that this court, as well as did the circuit court, give credence on the manifest weight of the evidence argument to the finders of fact that we're in the best position to find those facts. I don't believe that I need to take up any more of the court's time unless the justices have any questions. I don't believe we have. Thank you, counsel. Again, counsel brought up Bill Freight and pretty much agreed that if you're a management level employee, according to him, you don't have to give notice because there's an implicit knowledge. Again, I think there is a big distinction between being a corporation and being an individual with notice. And you asked about the statute when I was up earlier in the last sentence of the statute, sort of interesting. And I did point it out in my brief. You talked about the may be given. That's at the end of the sentence. At the beginning of the sentence it says, notice of the accident shall give the approximate date and place of the accident, if known, and may be given. So I think it's the shall be given, you have to give the notice, and it may be given in two different ways. I still think that there's an obligation absolutely under the Act to give notice, and then the Act gives two different forms of way of doing it. And again, as the owner of the company, if there's going to be a distinction made saying that he is the employer, as the decision says in his counsel's stating to you, then why didn't he do his statutory obligations under 6b to fill out an accident report? And then that gets to the next point. As owner of the company, he had a choice to make at the time of his accident. He's paying premiums for group health insurance and for workers' compensation insurance. And he put everything through group health insurance. And in my argument, that's because as a management level employee, he made a distinction and made a determination that this was not a Work Comp Act claim. And he did not give notice to himself, and he did not put it through his workers' compensation carrier because he didn't have a work accident. And he made that decision as a management level employee of the company. And he has that heightened awareness, and I think that as the president of the company, I think that we have to hold him to that. Well, what evidence is there that it was not a work accident? What evidence is there? That it was not a work accident. The fact that he didn't fill out work comp forms with any doctor until over three years after the accident. The fact that he didn't tell any co-workers. The fact that he didn't fill out an accident report. His testimony was kind of typical of a guy with 80 employees. He didn't want to file a work comp claim. He only did it when his situation got so bad that he felt like he had to. Isn't that just as consistent with the evidence as some allegation of fraud? Well, three years after the accident, but as I said, I still think that he made that choice within 45 days. He kind of made a conversion that found the work comp claim wasn't so bad whenever he realized how badly injured he was, right? According to him three years later. Right. Yes, and I think that almost goes back to the manifest weight argument. It just doesn't make sense that a president of a company who has all this supposed knowledge, who has a 40 claims on his behalf and fill up accident reports for over 40 cases. Yet he can't fill out his own accident form. It just doesn't make any sense. Thank you. Thank you, counsel, both for your arguments in this matter. If we've taken their advisement, this position shall issue a brief reset.